UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LOUIS J. MURPHY, JR.** | : | **DOCKET NO. 07-1488** |
| **VS.** | : | **JUDGE DOHERTY** |
| **REPUBLIC FIRE & CASUALTY INSURANCE COMPANY** | : | **MAGISTRATE JUDGE HILL** |

## JUDGMENT REMANDING CASE

For the reasons set forth in open court on November 1, 2007, the removal of the above captioned case was not timely. *See Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir.2000) (settlement demand letter between parties was an "other paper" under § 1446(b) which gave notice that the case was removable); *Lee v. Advanced Fresh Concepts Corp.*, 76 Fed. Appx. 523 (5th Cir.2003) (unpublished) (suit in a city court of limited jurisdiction did not affect the date the 30-day removal clock began to tick, that date being the date of receipt of plaintiff's settlement demand letter not the date the case was transferred to the district court); *Davenport v. Bellsouth Corp.*, 2007 WL 2572317 (W.D.La. 2007) (noting that the "right to remove ... can arise long before the transfer of the case from city court" and hence, the jurisdictional limit of a city court does not preclude removal when other evidence suggests that the damages sought are actually greater than the city court's limit); and *Barker v. John Deere Insurance Company*, 932 F.Supp. 785, 788 (S.D.Miss.1996) ("The focus of removal relative to the jurisdictional amount is not the maximum relief a state court could provide; rather, the focus is whether the plaintiff's complaint pleads a matter in controversy in excess of

$50,000."). *See also McLachlan v. Louisiana Health Service and Indemnity Co.*, 2002 WL 1461885 (noting that the Notice of Removal was filed in City Court and remanding the case back to that court because federal subject matter jurisdiction was lacking); *Jackson v. Moore Neonatal and Pediatric Group*, 1998 WL 321515 (E.D.La. 1998) (noting that the action was directly removed from a city court); *Dubois v. Wal-Mart Stores, Inc.*, 2005 WL 1801977 (W.D.La. 2005) (same). Accordingly;

**IT IS ORDERED** that the plaintiff's Motion to Remand [rec. doc. 6] is **GRANTED,** and accordingly, this lawsuit is hereby **remanded** to the 14th Judicial District Court for Calcasieu Parish, Louisiana.

Thus done and signed this 1st day of November, 2007 at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE