RECEIVED

JUN - 3 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| LOUIS J. MURPHY, JR. | CIVIL ACTION NO. 2:07-1488 |
| VERSUS | JUDGE DOHERTY |
| REPUBLIC FIRE & CASUALTY INSURANCE COMPANY | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Currently pending before the Court is an appeal by defendant, Republic Fire and Casualty Insurance Company's ("Republic"), urging this Court to reverse the Magistrate Judge's ruling and judgment, which ordered this matter be remanded to the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, finding removal was untimely.[1] Jurisdiction in this matter is premised upon 28 U.S.C. § 1332 (Diversity of Citizenship).[2] All parties agree, as does this Court, that this Court's standard of review of the ruling below is whether it was "clearly erroneous or contrary to law." LR 74.1W; Rec. Doc. 15-2, p.1.

### Procedural History

On September 19, 2006, plaintiff, Louis J. Murphy, Jr., filed a Petition, *pro se*, in Lake Charles City Court for the Parish of Calcasieu, naming as the sole defendant Republic Fire And Casualty Insurance Company. After retaining counsel, plaintiff filed a First Supplemental and

---

[1] Also pending is defendant's Motion for Leave to file a reply brief, which addresses plaintiff's argument that defendant's appeal was untimely filed. [Rec. Doc. 18] The motion for leave is hereby **GRANTED**. For the reasons contained in the reply brief, the Court finds the appeal was timely filed.

[2] 28 U.S.C. § 1332 provides in pertinent part, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States. ..."

Amending Petition for Damages, and later filed a Motion to Transfer the suit to the 14th Judicial District Court, on the basis plaintiff's claim exceeded the jurisdictional limits of the Lake Charles City Court. According to defendant, it received the Order granting plaintiff's motion to transfer on August 6, 2007. On August 31, 2007 (almost one year subsequent to the commencement of the suit), defendant removed this matter to this Court. On September 17, 2007, plaintiff filed a motion to remand, arguing the removal of this case was untimely, as it was not removed "'within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" [Rec. Doc. 6, p.1 (quoting 28 U.S.C. § 1446(b))]

## Applicable Law

28 U.S.C. §1446(b)(emphasis added) provides as follows:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The Fifth Circuit has held that the first paragraph of §1446(b) applies to cases which are removable as initially filed; the second paragraph applies to those cases which are not removable originally, but become removable at a later time. New York Life Ins. Co. v. Deshotel, et al, 142 F.3d 873, 886 (5th Cir. 1998). The Fifth Circuit has further held where removal is premised upon diversity jurisdiction, the thirty day time period in the first paragraph of §1446(b) applies only when

the initial pleading affirmatively reveals *on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount mandated by 28 U.S.C. §1332. Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992).

When a matter is removed pursuant to the second paragraph of §1446(b), the information supporting removal in an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to begin tolling the thirty day time limit. Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002). The requirement that grounds for removal be "unequivocally clear and certain" is intended to promote judicial economy and reduce protective removals by defendants faced with an equivocal record. Bosky at 211. It is also meant to discourage removals before their factual basis can be proven by a preponderance of the evidence. Id. "In short, a bright-line rule should create a fairer environment for plaintiffs and defendants." Id.

Finally, "as 'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.' The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007)(quoting Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995)).

## Analysis

Plaintiff asserts defendant's removal was untimely, arguing defendant first received notice the amount in controversy "exceeded the $75,000.00 diversity jurisdictional threshold" on June 15, 2007, by way of electronic mail ("e-mail") sent from plaintiff counsel to defense counsel, stating in pertinent part as follows:

> Per our discussion today, since my involvement in this case Mr. Murphy has gotten more information about the true extent of the damages caused by the cracked slab at

> issue. To repair the slab is going to be an extensive project requiring the concrete to be cut and re-poured across the length of the house. This will require cutting through walls, plumbing, etc. **The cost, therefore, will probably be six figures plus to repair.** [If the crack is not repaired, there will be a very significant reduction in the sales prices if Mr. Murphy were to sell. Therefore, Mr. Murphy will not settle for a sum within the jurisdictional limits of City Court, and I will re-file his suit in District Court if we cannot settle before the inspection next week. To avoid further litigation, Mr. Murphy is willing to accept $50,000.00 to settle his claims before any further expenses are incurred. His offer is good until 12 p.m. on Monday.]³

[Rec. Doc. 6, Ex. A; see also id. at p.2 and Ex. 1] Plaintiff further notes defense counsel acknowledged receipt of the above e-mail, and confirmed her awareness that plaintiff intended to transfer this matter from city court to district court (due to the amount in controversy exceeding the jurisdictional limits of city court) in a responsive e-mail, dated June 19, 2007, which states in pertinent part:

> Last week, your recent settlement demand was forwarded to my client for consideration and review. Thank you for your prompt attention regarding same. ...
>
> Hopefully, we can continue to negotiate a potential early resolution to this matter. In the meantime, we understand that you will be re-filing the instant matter in district court. ...

[Rec. Doc. 6, Ex. B]

Contrarily, defendant asserts removal was indeed timely, arguing because plaintiff was precluded from recovering more than $25,000 while this matter was in city court⁴, "had Republic

---

³Although defendant takes issue with the fact plaintiff only quoted the non-bracketed portion of the e-mail in his motion and memorandum for remand, plaintiff attached the entire email exchange as an exhibit to his memorandum. [Rec. Doc. 6, Ex. A and B]

⁴See LA. CODE CIV. PROC. art. 4843(E)("In the City Court of ... Lake Charles ... the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value f the property involved, does not exceed twenty-five thousand dollars."); see also LA. CODE CIV. PROC. art. 4841(A) ("The subject matter jurisdiction of ... city courts is limited by the amount in dispute and by the nature of the proceeding, as provided in this Chapter.")

tried to remove this matter while it was pending in a court of limited jurisdiction [city court], plaintiff would have been able ... to argue that it was a 'legal certainty' ... that he could not recover in excess of $75,000.00. Until the case was transferred, removal was premature." [Rec. Doc. 15-2, p.4] Defendant concludes removal was timely, because it was filed "within 30 days after receipt of the Order transferring this matter to the 14th Judicial District Court ... ." [Id., p.2] Defendant relies solely on De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995) in support of this argument.[5]

---

[5]The Court finds DeAguilar does not support defendant's argument. Defendant makes the following statements in its brief, with regard to the ruling in DeAguilar:

> [A] state statute limiting the amount of recovery can be used by a plaintiff to meet his burden of proof that the amount in controversy necessary for federal court jurisdiction is not met. *See De Aguilar* ...
>
> Importantly, the United States Fifth Circuit found in *De Aguilar, supra*, that plaintiff may establish, as a "legal certainty," that his claim did not exceed the federal court jurisdictional amount in controversy in various ways. The Court stated that one way in which plaintiff might establish to a "legal certainty" that his claim does not exceed the jurisdictional amount in controversy would be to cite "to a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause." *Id.* at 1412. *De Aguilar* makes it clear that a state law, such as La. C.C.P. Art. 4843, may prohibit any removal of a matter pending in state court to federal court pursuant to diversity jurisdiction.

[Rec. Doc. 15-2, p.3 (emphasis added)]

This Court finds De Aguilar holds as follows: despite plaintiffs' attempt to avoid removal by specifically alleging (in bad faith and in violation of state law) their damages would not exceed the jurisdictional amount required for diversity cases, removal was proper where: (1) defendant showed, by a preponderance of the evidence, the amount in controversy actually exceeded the jurisdictional amount; and (2) plaintiffs were unable to show, as a matter of law, it was certain they would not be able to recover more than the damages prayed for in the state court complaint. Id. at 1411. In dicta, the Court noted:

> Plaintiff's "legal certainty" obligation might be met in various ways; we can only speculate, without intimating how we might rule in such case. Plaintiff's state complaint might cite, for example, to a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* to be increased by amendment. Absent such a statute, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant."

As previously stated, the Magistrate Judge found defendant's removal to be untimely. In his judgment remanding the matter to state court, the Magistrate Judge cited the following jurisprudence:

> *Addo* ... (settlement demand letter between parties was an "other paper" under § 1446(b) which gave notice that the case was removable); *Lee v. Advanced Fresh Concepts Corp.*, 76 Fed. Appx. 523 (5th Cir.2003) (unpublished) (suit in a city court of limited jurisdiction did not affect the date the 30-day removal clock began to tick, that date being the date of receipt of plaintiff's settlement demand letter not the date the case was transferred to the district court); *Davenport v. Bellsouth Corp.*, 2007 WL 2572317 (W.D.La. 2007) (noting that the "right to remove ... can arise long before the transfer of the case from city court" and hence, the jurisdictional limit of a city court does not preclude removal when other evidence suggests that the damages sought are actually greater than the city court's limit); and *Barker v. John Deere Insurance Company*, 932 F.Supp. 785, 788 (S.D.Miss.1996) ("The focus of removal relative to the jurisdictional amount is not the maximum relief a state court could provide; rather, the focus is whether the plaintiff's complaint pleads a matter in controversy in excess of $50,000."). *See also McLachlan v. Louisiana Health*

---

Id. at 1412 (citing In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir.1992) (per curiam)(emphasis added)).

First, the Court notes DeAguilar did not find specific "various ways" by which a plaintiff can establish, to a legal certainty, his claim does not exceed the jurisdictional amount; rather, the court merely stated plaintiff must establish the amount in controversy does not exceed the jurisdictional amount to a legal certainty, and then "speculate[d], without intimating how [it] might rule in such case" various ways plaintiff "might" meet his obligation. Second, defendant states, "The [DeAguilar] Court stated that one way ... would be to cite 'to a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause,'" but defendant omits the second clause from the quotation. [Rec. Doc. 15-2, p.3] Again, DeAguilar states as follows: "Plaintiff's state complaint might cite, for example, to a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* to be increased by amendment." (Emphasis added). Here, plaintiff was prohibited by state law from stating a specific amount of monetary damages in his *ad damnum* clause. *See* LA. CODE CIV. PROC. art. 893. Furthermore, under state law, even if plaintiff includes an *ad damnum* clause which contains a specific monetary sum, he may still recover damages in excess of the *ad damnum* clause. *See* LA. CODE CIV. PROC. art. 862; Hager v. State, ex rel. Dept. of Transp. and Development, 978 So.2d 454, 471 (La.App. 1 Cir. 2008); Harrison v. State, Dept. of Highways, 375 So.2d 169, 178 (La.App. 2 Cir. 1979); and Wexler v. Martin, 367 So.2d 111, 114 (La.App. 4 Cir. 1979); *see also* LA. CODE CIV. PROC. art. 893(A)(2). Additionally, in Louisiana city courts, "if the demand asserted in an amended or supplemental pleading exceeds the jurisdiction of the court, the court shall transfer the action to a court of proper jurisdiction." LA. CODE CIV. PRO. art. 4841(C). Thus, this is not one of the situations described in DeAguilar where "[p]laintiff's state complaint ... cite[s] ... to a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* to be increased by amendment."

*Service and Indemnity Co.*, 2002 WL 1461885 (noting that the Notice of Removal was filed in City Court and remanding the case back to that court because federal subject matter jurisdiction was lacking); *Jackson v. Moore Neonatal and Pediatric Group*, 1998 WL 321515 (E.D.La. 1998) (noting that the action was directly removed from a city court); *Dubois v. Wal-Mart Stores, Inc.*, 2005 WL 1801977(W.D.La. 2005) (same).

Defendant, on appeal, argues the Magistrate Judge's Ruling was "clearly erroneous or contrary to law, and therefore, should be set aside." [Rec. Doc. 15-2 at 2] In support, defendant asserts the cases cited by the Magistrate Judge are unpublished, non-binding, inapplicable or "contrary to other precedential jurisprudence." [Id. at 3] This Court disagrees. While it is true Addo is the only binding jurisprudence cited by the Magistrate Judge in his Judgement, the other cases cited are particularly persuasive here, as many of those cases contain facts quite similar to the matter at hand; additionally, it appears (from this Court's independent research) there is little factually similar, binding jurisprudence in the Fifth Circuit on this particular issue. Moreover, aside from attempting to distinguish cases cited by the Magistrate Judge, defendant has cited no binding jurisprudence in support of its position (other than DeAguilar, *supra* at n.4).

As defendant correctly notes, although it is an unpublished opinion and therefore "not precedent,"[6] this Court, like the court below, finds Lee v. Advanced Fresh Concepts Corp. to be persuasive. Lee, 76 Fed.Appx. 523 (5th Cir. 2003). In Lee, the Fifth Circuit ruled on the appeal of a denial of a motion for attorney's fees (brought by plaintiff after his motion to remand was granted). The pertinent facts were as follows:

> Lee sued Advanced Fresh Concepts Corporation ("AFC") for breach of contract in Louisiana city court, which has jurisdiction over controversies involving less than $20,000. After discovery, Lee concluded that her damages approached

---

[6] *See* 5TH CIR. R. 47.5.4 (With few exceptions, unpublished opinions issued on or after January 1, 1996 are not precedent); *see also* 5TH CIR. R. 47.5.1 (implying unpublished opinions "merely decide particular cases on the basis of well-settled principles of law").

$200,000. In September 2002, she sent a demand letter to AFC offering to settle for $100,000. She also wrote that if AFC did not settle, she would transfer the case to state district court, which has general jurisdiction. When AFC did not respond, Lee sent a follow-up letter in October, then transferred the case in early December. Three weeks later, AFC removed to federal district court based on diversity of citizenship.

[Id. at *1] The Fifth Circuit noted, defendant "tries and fails to distinguish *Addo* by asserting that *Addo* did not begin in a state court of limited jurisdiction. That may or may not be trueSSthe [sic] *Addo* opinion does not specifySSbut [sic] we cannot see what difference it makes. *Lee stated in the letter that she intended to transfer the case unless it was settled.*" Id. at *1 (emphasis added). The Fifth Circuit concluded, "In short, [defendant] should have heard § 1446(b)'s thirty-day clock ticking when it received [plaintiff's] demand letter." Id. at *2.

As in Lee, defendant in this matter attempts to distinguish Addo, arguing:

> First, the Court in *Addo* found "[a]ccordingly, Addo's post-complaint demand letter was an 'other paper' under Section 1446(b) which gave [defendant] notice that the case was removable." *Addo* at page 762. However, the Court clearly found in *Addo* that plaintiff's post-complaint letter was a "demand." As noted above, plaintiff did not provide at any time a "demand" to Republic in excess of $75,000, not including interest and costs. Rather, plaintiff provided an email stating that "[t]he cost, therefore, will <u>probably</u> be six figures plus to repair." (Emphasis added.) In fact, and very interestingly, counsel for plaintiff did not provide to this Court the entirety of his e-mail. Plaintiff's same e-mail ends stating "[t]o avoid further litigation, Mr. Murphy is willing to accept $50,000 to settle his claims before any further expenses are incurred." (See Exhibit "A.") Republic contends that plaintiff's statement regarding the "probability" of cost of "six figures" does not constitute a demand and should not be considered "other paper."

[Rec. Doc. 15-2, p.6][7]

---

[7] The Court notes no support is provided for defendant's argument no "demand" was made, other than defendant's conclusory allegation that the Addo court found "plaintiff's post-complaint letter was a 'demand,'" and in this matter, "plaintiff's statement [in the e-mail] regarding the 'probability' of cost of 'six figures' does not constitute a demand and should not be considered 'other paper.'" Additionally, as previously noted, plaintiff provided the entire e-mail as an exhibit, and the Court finds it is not "very interesting" (or any other sinister connotation, if that is defendant's intent) that plaintiff only quoted the relevant portion of his e-mail in his brief.

The Court disagrees and finds plaintiff's e-mail constitutes an "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). *See also* Addo, *supra* (a post-complaint letter concerning settlement terms, which is not clearly a sham, can constitute an "other paper" under § 1446(b)); Wilson v. Belin, 20 F.3d 644, 651 n. 8 (5th Cir.1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper.").[8] Furthermore, whether or not the statements contained in plaintiff's e-mail constitute a "demand' is irrelevant, as is the fact plaintiff offered to settle the suit for $50,000. What *is* relevant here, is whether or not "the *matter in controversy* exceeds the sum or value of $75,000" - not whether or not the "demand" exceeded $75,000. 28 U.S.C. 1332(a)(emphasis added). As in Lee, the fact that this matter was originally filed in a court of limited jurisdiction is irrelevant, as plaintiff clearly stated in the e-mail to defense counsel, "the cost, therefore, will probably be six figures plus to repair," and he intended to transfer the case unless it was settled. It is at that moment (as in Lee) that defendant "should have heard 1446(b)'s thirty-day clock ticking." Accordingly, the Court finds the Magistrate Judge's Ruling and Judgement were not clearly erroneous or contrary to law, and therefore that Ruling is affirmed.

---

[8] No party argues that e-mail, in general, cannot constitute an "other paper." The Court's independent research has found no Fifth Circuit jurisprudence addressing this issue. *But see* Callahan v. Countrywide Home Loans, Inc., 2006 WL 1776747, at *3-*4 (N.D.Fla.)(Notice that case was removable provided in an e-mail, which estimated damages). However, as the Western District of Louisiana now requires all documents be filed by electronic means rather than by paper filing (absent an order from the court for good cause shown), it would seem contradictory for this Court to conclude an e-mail cannot constitute an "other paper," when the Court now requires the other documents listed in §1446(b) - *i.e.* "amended pleading, motion, order" - be filed electronically. The Court also notes FED. R. CIV. P. art. 5(b) now allows service by electronic means. *See also* LR 5.7.01 - 5.7.13. In this matter, both parties file documents electronically and receive notice electronically.

## Conclusion

Due to the foregoing, the Court finds the Magistrate Judge's Ruling and Judgement were not clearly erroneous or contrary to law, and therefore the Ruling and Judgment are affirmed, and this matter is hereby **REMANDED** to the 14th Judicial District Court for Calcasieu Parish, Louisiana.

THUS DONE AND SIGNED this ___3___ day of ___June___, 2008 in Lafayette, Louisiana.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE